■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS BIRMINGHAM, Appellant.— Appeal by defendant from a judgment of the County Court, Richmond County, rendered June 1, 1962 after a jury trial, convicting him of attempted murder in the first degree (count 1), attempted robbery in the first degree (count 3) and conspiracy to commit robbery (count 12), and imposing sentence. Judgment modified on the law and the facts by striking out the provisions convicting and sentencing defendant for attempted murder in the first degree under count 1, and by dismissing such count from the indictment. As so modified, judgment affirmed. The defendant was charged with being the planner for a group of robbers. His conviction rests on circumstantial evidence and on the testimony of two of the accomplices who participated in the actual attempted robbery; the accomplices were corroborated by two independent witnesses whose testimony tended to connect defendant with the commission of the attempted robbery. Essentially, the crime consisted of one of the robbers accosting a butcher on the street, near the latter's home, putting a revolver to the butcher's face and attempting to rob him; the butcher pulled his own gun and both fired their pistols but no one was killed. Defendant concededly was not present at the crime scene. The indictment on the attempted murder count charged that the attempted murder was "performed in a manner evincing a depraved mind and regardless of human life." This count is based on the first classification of subdivision 2 of section 1044 of the Penal Law. It

is to be noted that an attempted felony murder, that is, an attempted murder while engaged in the commission or the attempted commission of a felony, was not charged under the second classification of the said subdivision. The unequivocal proof in this case is that only one of the robbers (Jennings, now deceased) attempted to kill the butcher. Jennings' gun was pointed at the victim's face, a struggle ensued, shots were fired and both were wounded. This count of the indictment charges a type of murder not encompassed within the proof against or within the plan of these alleged conspirators. Hence, this count must be dismissed (see *People* v. *Ludkowitz*, 266 N. Y. 233). Defendant's conviction, however, on the two counts of attempted robbery and conspiracy to commit robbery should stand. The jury was not misinformed or misled as to the consideration to be received by the accomplice Arnold Schneider, as a result of his testimony and his co-operation with the District Attorney. This accomplice testified that on April 2, 1962, the day before the commencement of this trial, he asked the court's permission to withdraw his plea of not guilty and to plead guilty to attempted robbery in the third degree; the court asked him whether any promise had been made to him as to sentence either by his own attorney or by the District Attorney or by the court; he said he was not promised anything but thought it would be nice if the District Attorney would take into consideration the fact that he pleaded guilty; and he spoke to his attorney about expected consideration, but not to the District Attorney. It is clear that this accomplice, Arnold Schneider, was not given any promise or assurance with respect *to the sentence* which might be imposed upon him. The only consideration he appears to have been promised is that the District Attorney would make known to the court his co-operation but *without further recommendation* by the District Attorney as to sentence. This accomplice was hoping for leniency from the court. In *People* v. *Savvides* (1 N Y 2d 554) the accomplice-witness had been *assured* consideration by the District Attorney in return for his continued co-operation, the consideration being permission to withdraw a guilty plea to a greater crime and permission to plead guilty to a lesser crime. No such assurance as to punishment or recommendation for punishment was given to the accomplice in the case at bar. Ughetta, Brennan and Hill, JJ., concur; BELDOCK, P. J., concurs as to the affirmance with respect to the conviction and sentence on the two counts of attempted robbery and conspiracy to attempt to commit robbery, but dissents as to the modification of the judgment with respect to the count for attempted murder and the dismissal of such count, and votes to affirm the judgment with respect to the conviction and sentence upon this count, with the following memorandum: In my opinion, the words in the first count of the indictment, apparently taken from subdivision 2 of section 1044 of the Penal Law, should be disregarded as surplusage and the indictment should be read as coming within subdivision 1 of that section — attempted premeditated murder. The testimony is clear that Jennings (one of the four accused) deliberately aimed at Mauro (the victim) and actually fired the gun, although it did not go off through no fault of Jennings. In fact, Jennings loaded and cocked the gun before he approached Mauro. There is no reasonable explanation of Jennings going armed other than that he intended to shoot Mauro if Mauro obstructed the accomplishment of the crime; this preliminary preparation shows the deliberation and premeditation necessary to make out the crime of murder in the first degree if Mauro had been killed, or attempted murder under the facts in this case (*People* v. *Sullivan*, 173 N. Y. 122, 132, 133). CHRIST, J., concurs as to the modification of the judgment with respect to striking out the conviction and sentence on the attempted murder count and dismissing such count, but dissents as to the affirmance of the judgment with respect to the count for attempted robbery and the count for con-

spiracy to commit robbery, and, as to such two counts, votes to reverse the judgment and to grant a new trial, with the following memorandum: One of the chief prosecution witnesses against defendant was the accomplice, Arnold Schneider. Repeatedly, during his cross-examination, he denied that any promise had been made to him by the prosecutor. Several weeks later, as the long trial was finally coming to a conclusion, the prosecuting attorney in his summation stated for the first time to the jury that a promise had indeed been made to Arnold Schneider; and that he (the prosecutor) had told him that he would make his co-operation known to the sentencing Judge. Prior to the trial Schneider had pled guilty to attempted robbery in the third degree, and the jury knew this. Shortly after the trial Schneider, a principal and actual participant in the crime, who admitted to other criminal activity, received a three-year suspended sentence. The comparatively recent cases (*People* v. *Savvides*, 1 N Y 2d 554; *Napue* v. *Illinois*, 360 U. S. 264) make it abundantly clear that a prosecutor has the obligation to make known to a jury the consideration, if any, which an accomplice is receiving for his testimony where that accomplice himself denies receiving any benefit therefrom. It is true that in both those cases the jury was never apprised of the true fact that some promise had been made. However, that distinction does not cure the error in the present trial because here the incurable prejudice had already been spread upon the record before the jury. If the prosecutor had heeded Judge FULD's admonition in *Savvides* to expose the lie "by immediate statement of his own or by appropriate examination," the defendant would not have been deprived of the two substantial rights which require the new trial here, namely: (1) the right on re-cross-examination to explore in depth the reason for Schneider's lying about the District Attorney's promise; and (2) the right during his (defendant's) own summation to make appropriate comment on Schneider's false testimony. The error here is compounded by the fact that, when the prosecutor during his summation made his belated disclosure, he simultaneously and incorrectly recollected for the jury that Schneider had told the truth in this regard. The prosecutor erred in thus vouching for the credibility of his witness by such an unsworn and incorrect statement (see *People* v. *Gregory*, 19 A D 2d 749), for, in truth, Schneider had denied any promise whatsover.